UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>GENERAL HOSPITAL, et al.,<br><br>    Defendants. | Case No. 23-cv-05652-PCP<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>Re: Dkt. Nos. 2, 8 |

Dontae Taylor, an inmate at the Maguire Correctional Facility in Redwood City, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Complaint is before the Court for review under 28 U.S.C. § 1915A. The Complaint is dismissed with leave to amend.

**I.    Background**

Mr. Taylor states that his brother was incarcerated in "county jail." Compl. at 3. Mr. Taylor states that his brother passed away, and alternately states that this was after an injury in county jail, after he was "hit by a car on 4th and Mission," and after he was hit by a Muni bus. *See id*. at 4. This death occurred eight years ago. *Id*. at 4, 6. Because Mr. Taylor names the San Francisco County Jail as a Defendant, the Court presumes this is the jail in which his brother was incarcerated.

Mr. Taylor states that he received eye surgery at "general hospital," and that this surgery damaged his vision. *Id*. Because Mr. Taylor names the Zuckerberg San Francisco General Hospital and Trauma Center as a Defendant, the Court presumes this is the hospital where Mr. Taylor's surgery was performed.

Mr. Taylor states that Karen Lewis has sued him and "keeps attacking" him. *Id*. at 6. Mr. Taylor states that Salwa Arbid "was to work a case." *Id*.

## II. Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Analysis

As Defendants, Mr. Taylor names the Zuckerberg San Francisco General Hospital and Trauma Center ("the Hospital"), the San Francisco County Jail, Karen Lewis, and Salwa Arbid. Compl. at 2.

### A. Claims

Mr. Taylor does not state the nature of his claims against Karen Lewis or Salwa Arbid. *See generally id*. If he chooses to amend, he must explain how he was injured, what violation of a constitutional provision or federal law caused that injury, and what remedy he seeks for the injury. Mr. Taylor also must explain when and where his injuries occurred.

Mr. Taylor appears to blame the Hospital for damage to his vision. *See generally id*. If Mr. Taylor wishes to sue for a botched surgery, he cannot proceed against the hospital in a federal civil rights action because a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.[1] *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). If Mr. Taylor wishes to state a federal civil rights claim against the Hospital, he must allege deliberate indifference to his medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994). To do so, he must show that a government official knew of and disregarded an excessive risk to Mr. Taylor's health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

Mr. Taylor appears to blame the San Francisco County Jail for his brother's death. *See generally id*. The Court presumes Mr. Taylor intends to bring a wrongful death claim against the

---

[1] This does not limit Mr. Taylor's ability to pursue a medical malpractice lawsuit in state court.

San Francisco County Jail.

**B.     Time Bar**

At least Mr. Taylor's wrongful death claim is time-barred. His other claims may be time-barred as well.

Section 1983 "borrows" a statute of limitations from the forum state's statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 278–80 (1985). The statute of limitations is two years for both personal injury and wrongful death actions. *See* Cal. Code Civ. Proc. §§ 335.1, 377.60. Under California law, a statute of limitations is tolled for two years for persons "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." *Id.* at § 352.1(a). This means that once a statute of limitations has begun to run, a prisoner has four years to file his claim.

"Although state law determines the length of the limitations period, 'the determination of the point at which the limitations period begins to run is governed solely by federal law.'" *McCoy v. S.F., City & Cty.*, 14 F.3d 28, 29 (9th Cir. 1994) (citation omitted). "[T]he touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006).

Mr. Taylor states twice in his Complaint that his brother passed away eight years ago. *See* Compl. at 4, 6. Mr. Taylor knew of his injury when it occurred, because he "was supposed to file charges against the city and county" when his brother passed away. *Id.* at 4. The statute of limitations on Mr. Taylor's claim thus began to run eight years ago. Even assuming Mr. Taylor was incarcerated for the entire eight years, which he does not allege, the statute of limitations expired four years ago.

The Complaint also suggests that the damage to Mr. Taylor's vision occurred at the same time as his brother's passing. *See id.* at 3 ("I was having vision problems at the time."). If so, then Mr. Taylor's personal injury claim also is time-barred.

Mr. Taylor does not state how he has been injured by Karen Lewis or Salwa Arbid but does state "I[']ve [been] going through this now for 8 yrs." *Id.* at 4. If Mr. Taylor's claims against

3

1    Karen Lewis and Salwa Arbid arose at the time of his brother's passing, these claims also are
2    time-barred.

### C. Defendants

Mr. Taylor seeks to sue the San Francisco County Jail. To impose liability upon that agency on the legal theories asserted in the complaint, Mr. Taylor must establish: "(1) that he possessed a constitutional right of which he [] was deprived; (2) that the [entity] had a policy; (3) that this policy amount[ed] to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy [was] the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citations and quotation marks omitted) (explaining how a government agency may be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Here, Mr. Taylor has not alleged that his brother's death was pursuant to an official policy of the San Francisco County Jail. *See generally* Compl.

Mr. Taylor seeks to sue the Hospital for alleged damage to his vision. Compl. at 1. The Hospital is not a government actor, which is an essential element of a §1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001) (internal quotation marks omitted). Mr. Taylor has not explained the nexus between the Hospital's actions and a government entity. *See generally* Compl.

Likewise, Mr. Taylor has not identified any government role occupied by Karen Lewis or Salwa Arbid. *See id*. To hold either person liable under § 1983, Mr. Taylor must explain how he or

4

she acted under the color of state law while causing an injury to Mr. Taylor.

## IV. CONCLUSION

The Complaint is dismissed with leave to amend.

Mr. Taylor's *in forma pauperis* application is **GRANTED**. The initial partial filing fee is $1.00. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Taylor and the institution's trust account office.

Mr. Taylor may file a FIRST AMENDED COMPLAINT within **thirty-five days** from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (CV 23-5652-PCP (PR)) and the words FIRST AMENDED COMPLAINT on the first page. If Mr. Taylor files a first amended complaint, he must allege facts that demonstrate he is entitled to relief on every claim. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

**Failure to file an amended complaint within thirty-five days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

It is Mr. Taylor's responsibility to prosecute this case. Mr. Taylor must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: April 15, 2024

P. CASEY PITTS
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due **within thirty days** of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner